USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 7/13/2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAYMOND JAMES FINANCIAL SERVICES, INC.,

                Petitioner,

- against -

BRUCE KATZ,

                Respondent.

10 Civ. 8672 (JGK)

MEMORANDUM OPINION AND ORDER

---

JOHN G. KOELTL, District Judge:

The petitioner seeks to confirm an arbitration award pursuant to 9 U.S.C. § 9. The underlying dispute arose out of an effort by Raymond James Financial Services, Inc., (hereinafter "the petitioner") to obtain repayment of a loan that it had made to Bruce Katz (hereinafter "the respondent"), before the respondent was terminated.

I.

In August 2008, the petitioner made a loan of $271,647.88 to the respondent. (Generelli Aff. Ex A (hereinafter "Loan Agreement") at 3.) The loan was to be repaid in twenty-seven quarterly payments. (Loan Agreement at 1.) If the respondent's employment was terminated for any reason while loan payments were outstanding, the Loan Agreement stipulated that the remaining principal of the loan would become immediately due and payable at an interest rate of 10% from the date of termination.

<u>Id.</u>  In July 2009, the respondent was terminated.  (Pet. to Confirm Arbitration Award (hereinafter "Pet.") ¶ 10.)  The petitioner alleges this was for cause, although the respondent disputes this.  <u>Id.</u>; (Resp'ts Answer at 2.)  Pursuant to the Loan Agreement, the parties agreed to submit any dispute concerning the Loan Agreement to arbitration before the Financial Industry Regulatory Authority (hereinafter "FINRA").  (Loan Agreement at 2.)  On July 31, 2009, the petitioner filed an arbitration proceeding against the respondent with FINRA Dispute Resolution.  (Generelli Aff. Ex. B (hereinafter "Award") at 1.)

On June 18, 2010, the arbitration panel ruled in favor of the petitioner, holding the respondent liable for "compensatory damages in the amount of $241,332.01 plus interest at a rate of 10% per annum from the date of this award until payment."  (Award at 2, 4.)  The panel also awarded $3,600 in hearing session fees against the respondent.  (Award at 2.)  On November 17, 2010, the petitioner filed this petition seeking confirmation of the arbitration award pursuant to 9 U.S.C. § 9.

In opposition to the petition, the respondent states that he disagrees with findings of the arbitration panel, that he believes his termination was unnecessary and that he lacks the ability to repay the loan. (Resp'ts Answer at 2.)

II.

The Federal Arbitration Act, 9 U.S.C. § 9, provides:

> [A]ny party to [an] arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. Accordingly, a district court's role in reviewing an arbitration award is extremely limited. United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29 (1987); United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960). The Supreme Court has explained that district courts "are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." Misco, 484 U.S. at 36. Accordingly, an arbitration award is to be confirmed if there is even a "barely colorable justification" for the decision. United States Steel and Carnegie Pension Fund v. Dickinson, 753 F.2d 250, 252 (2d Cir. 1985); see also Bevona v. EBM Dev. Co., Ltd., No. 98 Civ. 6207, 1999 WL 494116, at *2 (S.D.N.Y. July 13, 1999).

Here, the respondent asserts that he cannot pay the award, and that he disagrees with both the arbitration's outcome and the circumstances of his termination. (Resp'ts Answer at 2.) He does not, however, offer any specific allegations to call

3

into question the findings of the arbitration panel. Further, he has not moved to vacate, modify or correct the award, nor could he now do so in a timely manner. (Resp't's Answer at 1); see 9 U.S.C. § 12. Therefore, the respondent has failed to state sufficient grounds on которое to oppose this petition. See 9 U.S.C. § 9; see also Schiavone Const. Co. v. Impresit-Girola-Lodigiani, Inc., No. 91 Civ. 8455, 1992 WL 88178, at *5 (S.D.N.Y. Apr. 20, 1992). Accordingly, the petition is granted.

## CONCLUSION

For the reasons stated above the petition to confirm the arbitration award is **granted**. The petitioner shall submit a proposed judgment within five days of this order, and the respondent shall submit any counter judgment two days thereafter.

SO ORDERED.

Dated:  New York, New York
        July 12, 2011

                                    John G. Koeltl
                                    United States District Judge